UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAVID COVARUBIAS-CARRANZA, <br> Defendants. | No. 2:25-mj-0112 SCR <br><br> ORDER |

    During today's 2 p.m. criminal duty calendar, the undersigned ordered Defendant David Covarubias-Carranza released, after finding that the government had not shown by a preponderance of the evidence that Defendant poses a "serious risk of flight" such that a detention hearing is warranted. Under the release order, Defendant is to be released at 9 a.m. tomorrow, August 8, 2025, at which time he is to report to Pretrial Services to be fitted for location monitoring technology and subject to home detention.

    The government now moves for a temporary stay of the release order so that it can appeal to a District Judge. ECF No. 9. Defendant filed an opposition and supplemental authorities. ECF Nos. 10, 12. The motion is DENIED because the government has not shown irreparable harm or otherwise demonstrated that the factors concerning a stay are satisfied. The government may still appeal the undersigned's release order and if the District Judge finds error in that order, Defendant will be returned to custody.

**A.     Legal Standards**

Under the Bail Reform Act, a detention hearing may only be held if either of the prongs of 18 U.S.C. § 3142(f) are satisfied. The first prong, (f)(1), concerns individuals who are charged with particularly serious offenses or have been convicted of such offenses in the past. The second prong, (f)(2), allows for detention based on a "serious risk of flight" or a "serious risk" of obstruction of justice.

"Absent one of these serious circumstances that would automatically trigger a detention hearing, <u>a defendant must be released on personal recognizance, unsecured appearance bond, or conditions</u>. 18 U.S.C. § 3142(a). This is true whether the defendant is otherwise dangerous. *See United States v. Twine*, 344 F.3d 987 (9th Cir. 2003) ('We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation of the Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2).')." *United States v. Figueroa-Alvarez*, 681 F.Supp.3d 1131, 1135-36 (D. Idaho 2023) (emphasis added); *see also United States v. Dillard*, 214 F.3d 88, 96 (2d Cir. 2000) ("The question whether the defendant poses a danger to the safety of the community ... cannot be considered unless the defendant is found to be eligible for detention under subsection 3142(f). A defendant who is not eligible must be released, notwithstanding alleged dangerousness.").

The Bail Reform Act does not itself contain a provision addressing the stay of a detention order. *See United States v. Abass*, 2025 WL 1096795, at *2 (D.D.C.) (finding no statutory basis for a stay pending appeal). Nor did the government cite a legal standard concerning stays of detention orders in its motion. Courts to have considered the question apply the four-factor *Nken v. Holder,* 556 U.S. 418 (2009), framework that applies to stay requests generally. Those factors are: "1) [a] strong showing of success on the merits of the appeal, 2) irreparable harm to the moving party, 3) substantial injury to other interested parties, and 4) the public interest." *United States v. Pavlon-Andino*, 2025 WL 446143 (D. Colo.) (denying stay of magistrate judge release order for failure to demonstrate that *Nken* factors are met); *see also Abass*, 2025 WL 1096795, at *3-5 (denying request for a stay of release order under application of *Nken* factors); *United States*

*v. Manobanda-Leon*, No. 2:25-cr-47-EWH-RJK, ECF No. 23 (E.D. Va. May 1, 2025) (same).[1]

### B. Summary of Defendant's Hearing and Court's Release Order

At the hearing, the government moved for detention under (f)(2), arguing that Defendant poses a serious risk of flight. The Court heard the government's arguments and proffers. The Court then heard Defendant's arguments and proffers. The undersigned's initial reasons for its decision were rendered on the record at the hearing.

The Court found that the government must show by a preponderance of the evidence that the Defendant presents a serious risk of flight. *See Figueroa-Alvarez*, 681 F.Supp.3d at 1138. The Court noted that there is evidence in the record indicating that Defendant poses some risk of flight, including his alleged use of an identification in another person's name, four reported failures to appear for traffic violations, and the fact that he committed some past criminal conduct while apparently on supervision (indicating a potential propensity not to respect court orders). However, balanced against that, the court noted that he apparently has long-standing ties to Sacramento, reportedly lives in a stable home with his family, and has not failed to appear in any felony cases. The Court also noted that while Defendant reportedly had six aliases, upon further inquiry those were all variations on his actual name. Moreover, immigration authorities have reportedly been aware of his whereabouts in Sacramento County since January 31, 2021, as reported in the affidavit in support of the criminal complaint, further indicating the stability of his ties to Sacramento. ECF No. 1 at 3. On the balance of this record, the undersigned found that the government had not shown by a preponderance of the evidence that Defendant presents a serious risk of flight.

The Court ordered Defendant to be released subject to rigorous conditions recommended by the Pretrial Services Agency. These conditions include electronic location monitoring and home detention, which prohibits him from leaving home except for certain important activities.

////

////

---

[1] Defendant cites numerous other cases that similarly apply *Nken* in this context. ECF Nos. 10, 12.

**C. Analysis**

"The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434.

### 1. Merits

The applicable merits question in this context is whether the government will likely prevail on its argument that Defendant presents a serious risk of flight based on the current record and therefore a detention hearing is warranted. The government's motion primarily highlights Defendant's criminal history. ECF No. 9 at 1 (noting "many years-long pattern" of various criminal conviction). But past or future danger is not a relevant aspect of the (f)(2) inquiry. *See Figueroa-Alvarez*, 681 F.Supp.3d at 1135-36 (citing cases). The government notes Defendant's failures to appear for traffic citations, but as indicated in the summary of the findings from the detention hearing, those are concerning but not sufficient to show a serious risk of flight, particularly balanced against other information in the record. The government has not demonstrated it will likely prevail in showing that Defendant is a serious risk of flight.

### 2. Irreparable Harm

The party seeking a stay must show that "irreparable harm is probable[.]" *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011). "[S]tays must be denied to all petitioners who [do] not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." *Id*. at 965 (citation omitted). Here the government has not argued irreparable harm. Nor can the undersigned conceive of irreparable harm. The undersigned ordered Defendant released on the strictest of conditions, including electronic monitoring and home detention. If the government succeeds in overturning the finding that Defendant does not pose a serious risk of flight, Defendant would be remanded back to custody for further detention proceedings consistent with the Bail Reform Act.

Moreover, as a practical matter, it is unlikely that Defendant will be released to pretrial supervision and the strict conditions imposed by the undersigned. That is because Defendant is subject to an immigration detainer. ECF No. 13. In the court's recent experience, such detainers are honored, with the U.S. Marshals cooperating with immigration officials to transfer federal

4

criminal defendants into civil immigration custody when they are ordered released.  If Defendant is transferred to civil immigration detention upon release, there is no irreparable harm for that reason as well – for he could then be remanded back to criminal custody in the event the undersigned's release order is overturned.

**D.    Conclusion**

For the reasons provided above, the undersigned does not find a legal basis to grant a stay in this case.  The government's request for a stay is DENIED.  Nothing in this order prejudices the government's right to appeal the release order.

Dated: August 7, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE